1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LOUIS PAUL BELTRAN,

             Petitioner,

             vs.

UNKNOWN,

             Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No.  CV 12-5800 MWF (MRW)

[PROPOSED] ORDER DISMISSING ACTION

      Louis Beltran is an inmate at High Desert State Prison.  Mr. Beltran recently filed a motion with the Court requesting an extension of time to file his federal habeas petition.  He does not have an active case on file in this district.  Indeed, his filing is apparently an attempt to extend the deadline to file a future habeas corpus petition challenging his state court criminal conviction.  This procedure is not workable, though, so his action must be dismissed without prejudice.

      According to the motion, Mr. Beltran was recently transferred to High Desert prison and is waiting for access to his state court documents, legal file, and prison law library.  Mr. Beltran correctly notes that he has only one year under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), by which to file his federal habeas petition.  He explains that his one

1  year statute of limitations expired on July 6, 2012 and he requests an extension of
2  one month to file his future petition.  It is not clear what his crimes of conviction
3  were or what constitutional error he is asserting.  Other than the present motion,
4  Mr. Beltran has filed no other materials with the Court in connection with his case.
5         Notably, Mr. Beltran has not filed an actual habeas petition with the Court.
6  In this way, he has failed to comply with the Rules Governing Section 2254 Cases
7  in the United States District Courts.  Rule 2(d) expressly requires that a state
8  prisoner commence a habeas action by using a standard form prepared by the court.
9  In our district, prisoners must complete Form CV-69.  That form provides the
10  Court with basic information about the petitioner, his conviction, the prior status of
11  his case in state and federal court, and, most importantly, the federal constitutional
12  claims he wishes to pursue in federal court.
13        Mr. Beltran has not provided the Court with any of this important
14  information.  The Court does not know the crime or crimes for which he was
15  convicted, the issues he raised on appeal, or why he believes that his conviction
16  violated the U.S. Constitution.  As a result, the Court cannot grant any form of a
17  stay or future extension of time.
18                                    * * *
19        A state prisoner must begin his case by filing a petition for a writ of habeas
20  corpus.  Mr. Beltran's request for an extension – in the absence of a properly filed
21  petition – is simply inadequate and premature.  If his federal filing comes after the
22  statutory deadline for bringing such an action, Mr. Beltran may be entitled at a later
23  time to request equitable tolling of the statutory deadline.
24
25
26
27
28

1    Therefore, this action is hereby DISMISSED without prejudice.  For

2  Mr. Beltran's convenience, the Clerk is directed to send him a blank Form CV-69

3  with a copy of this Order.

4

5    IT IS SO ORDERED.

6

7  DATED: _____, 2012

8                                          _____

9                                          HON. MICHAEL W. FITZGERALD
                                           UNITED STATES DISTRICT JUDGE

10

11  Presented by:

12

13

14

15  _____

   HON. MICHAEL R. WILNER
16  UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28